IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| LYNWOOD CATRON | ) | Case No. 13-70145 |
| GAILA CATRON | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | _____ |
| LYNWOOD CATRON | ) | |
| GAILA CATRON | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 13-07016 |
| | ) | |
| FIRST NATIONAL BANK OF | ) | |
| ALTAVISTA | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MEMORANDUM DECISION**

      The matter before the Court is the Debtors' Motion for entry of a default judgment avoiding the second deed of trust lien in favor of the First National Bank of Altavista upon the Debtors' residence on the basis that the amount of the indebtedness secured by the first deed of trust against such property exceeds such property's value.  Because of the Court's doubt that such relief is available to the Debtors in a Chapter 7 case, it has requested that counsel brief the issue.  He has done so and has presented his oral argument in support of the relief being sought at a continued pre-trial conference on May 28, 2013.  For the reasons noted below, the Debtors' Motion will be denied.

      Counsel for the Debtors does not dispute that the relief his clients seek in this Chapter 7 case is not consistent with the decision of the Court of Appeals for the Fourth Circuit

in the case of *Ryan v. Homecomings Fin. Network (In re Ryan)*, 253 F.3d 778 (4th Cir. 2001), but urges that subsequent legal developments cast doubt on that decision's continued viability and that the legal tide seems to be turning in favor of permitting the same relief in such situations to Chapter 7 debtors that is available to Chapter 13 debtors.  In support of that contention he mentions the major changes to the Bankruptcy Code made in 2005 subsequent to the *Ryan* decision, cites three decisions granting such relief in Chapter 7, one from the Eleventh Circuit Court of Appeals[1] and the other two from bankruptcy courts in that same Circuit,[2] and also cites a just released decision from the Fourth Circuit Court of Appeals in the case of *Branigan v. Davis (In re Davis)*, ___ F.3d ___, 2013 WL 1926407 (4th Cir. May 10, 2013), dealing with "strip off" of valueless second mortgage liens in so-called Chapter 20 cases (i.e., Chapter 7 cases in which the debtor obtains a discharge followed by a Chapter 13 case in which no discharge is available).

       The Court has reviewed the decisions cited and considered the arguments made on behalf of the Debtors and concludes that *Ryan* controls the result here.  First, that ruling addresses the very issue presented here and rejected the position asserted on behalf of the Debtors.  Second, the Court sees no evidence that anything added to the Bankruptcy Code by BAPCPA in 2005 was intended to or did change the result reached in *Ryan* and other decisions to the same effect.  Third,  the Fourth Circuit's *Davis* decision just issued earlier this month, while approving "strip off" of valueless liens against residential real property in Chapter 13

---

[1] *In re McNeal*, 477 Fed. Appx. 562, 2012 WL 1649853 (11th Cir. May 11, 2012) (unpublished).

[2] *In re Bertan*, 2013 WL 216231 (Bankr. S.D. Fla. Jan. 19, 2013), and *In re Malone*, 489 B.R. 275 (Bankr. N.D. Ga. 2013).

cases in which the debtors are not eligible for a discharge, contains not the least suggestion that such relief is available in Chapter 7 or questioning the continued viability or rationale of the holding in *Ryan*. Lastly, the Fifth Circuit's decision in *McNeal* was decided on the basis of a prior Fifth Circuit precedent, *Folendore v. United States Small Bus. Admin.*(*In re Folendore)*, 862 F.2d 1537 (11th Cir. 1980), a decision predating the Supreme Court's decision in *Dewsnup v. Timm*, 502 U.S. 410, 112 S. Ct. 773 (1992), which refused to approve "strip down" of partially secured mortgages in Chapter 7. In the same opinion in which the *McNeal* court followed its earlier precedent in *Folendore*, it acknowledged that such decision's underlying rationale (although not its specific holding) had been rejected in *Dewsnup*. The subsequent Bankruptcy Court decisions in *Bertan* and *Malone* simply follow the controlling precedent of *McNeal*.

Accordingly, by a separate order the Court will deny the Debtors' Motion to enter a default judgment avoiding the Bank's deed of trust lien on the basis that such relief is not consistent with controlling precedent for this Court as set forth in the Fourth Circuit's *Ryan* decision.

DECIDED this 29th day of May, 2013.

_____
UNITED STATES BANKRUPTCY JUDGE